Samuel C. Coleman, J.
Two former employees of the defendant sue to recover overtime wages claimed to be due them under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.). To the denial that there was any uncompensated overtime, the defendant adds that one employee (Andacht) was not entitled to the benefits of the statute — he was an exempt employee — and that the other, Stone, is barred from suing under the act, he having been awarded an amount for overtime compensation after an arbitration proceeding pursuant to a collective bargaining agreement, the award being confirmed by and ripening into a judgment of the Supreme Court. That judgment, the defendant says, is conclusive on the issues here and bars recovery. With respect to neither plaintiff is the defendant’s position sound and there will be judgments for the plaintiffs in the respective amounts indicated below.
Andacht was the brother of William Andacht who alone “owned” and controlled the defendant. The defendant attempted to show that Andacht was an “executive” or c 1 administrative ’ ’ employee; but entirely failed in its efforts. Andacht was no more than a nominal officer; but even if he were he would not necessarily lose his status of an employee entitled to the benefit of the act. He was a salesman in a wholesale florist store and he did all that was required of such an employee and no more. He had nothing to do with directing the business itself, with hiring or discharging employees or performing the other activities which, within the regulations, are required to be shown by an employer seeking relief.. If the plaintiff “ minded the store ” in his brother’s absence, he did not thereby acquire a higher status. His description of himself in an application upon an employees’ group insurance policy, as “ executive sales manager — wholesale florist — supervising” while enabling him to obtain a policy in a larger amount than the other employees of the defendant, does not change the character of his employment. Nor does his “resignation” from the union.
*216 Andacht was employed at $100 a week, without specification or limitation of hours. The determination of the number of hours worked in small establishments keeping no records'is not often susceptible of even reasonably exact computation. The best we can do is to approximate. I think the plaintiff worked 50 hours a week; that was his ‘ ‘ work week ’ ’ and his overtime compensation is to be determined on that basis, at the rate of $2 an hour. For each of the 10 hours over 40, he received $2 an hour; he should have received $1 more, $10 more a week. He worked 35 weeks, and he is entitled to $350. I do not think Andacht should have liquidated damages. While the relation of brother did not change his status as employee it did enter into the question between the brothers as to whether the plaintiff was to have more than his regular salary — whether he was to receive a bonus or a percentage of profits; and the existence of that question explains and excuses the fact of nonpayment week by week. There will be an award of attorney’s fees of $100.
As to Stone, the principal ground of defense is the arbitration award which culminated in a judgment. The plaintiff urges that the arbitration proceedings were faulty and that in any case claims under the Fair Labor Standards Act are not susceptible of arbitration proceedings but can only be adjudicated in conventional court proceedings. However that may be (and see my memorandum on a motion in the Andacht claim, 16 Misc 2d 893), a judgment was entered; and it stares the plaintiff in the face. But if it is to bar him from proceeding on the claim here it must be by reference to the rules that apply in any case where a judgment is interposed as such a bar: — the rules of res judicata. Whether the judgment is a bar depends upon the controversy which the award finally determined. (Cf. Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, 199.) Again it is for the defendant to prove the bar and it has failed to do so. Even making allowances for the informal presentation and determination of a claim in arbitration proceedings, all we know of that claim is that the plaintiff asserted he was wrongfully discharged, had not been paid vacation pay and that he asked that ‘ ‘ any of the rights that I have in the premises ” be enforced. And we know that all that the arbitrators decided was that Stone was not wrongfully discharged and that they directed the defendant to pay the plaintiff $521 11 representing the balance of overtime pay due and owing to Louis Stone during the whole period of his employment.”
*217 The arbitration proceedings were based upon an employment under a collective bargaining agreement; the suit here is upon a statute which sets up its own standards for determining the fact and extent of overtime and for fixing the amount due. The criteria are different. And as the defendant states in its brief “ there is nothing to show whether the amount of the arbitration award included liquidated damages * * * nothing to
show whether the arbitration board exercised such discretion as to liquidated damages and refused to award liquidated damages for proper reasons.” Perhaps a judgment based on an award which decided the number of hours worked in a week over 40, or which determined the ‘ ‘ work week ’ ’ would be conclusive as to those findings in an action such as this. But again, “ there is nothing to show” that is the case here. If there is overlapping, the defendant should prove it, but it has not done so. So far as the two “ causes of action ” are concerned, they are different. The plaintiff therefore can proceed here.
Stone’s salary, as a matter of practice, was $100 for a 45-hour week, notwithstanding the union agreement or what his pay slips may have shown. What I said as to proof of overtime as to Andacht applies here. I think Stone worked somewhat fewer hours than did Andacht, that he worked 47% hours a week. His rate of pay was $2.22 an hour. He received this for each of the 5 hours over 40; he should have received $1.11 more. For the additional two and one-half hours he received no compensation and should be paid for those hours at $3.33 an hour. The period of employment was 85 weeks. This computation is as follows: 85 X 5 X $1.11 = $471.75; 85 X 2% X $3.33 = $707.62, a total of $1,179.37.
I think Stone is entitled to have this amount doubled. There was no basis for denying it to him and so there will be judgment for Stone for $2,358.74. For the services of Stone’s attorney I allow $750. The attorney for the plaintiff, in informal discussion, stated that while he was not receding from his position as to the lack of competence in the arbitrators and the inefficacy of the judgment as a bar, he would, in an effort to avoid any ‘ ‘ overlapping ’ ’ in fact, and in the interest of fair dealing, remit the amount of the award in entering judgment here. The judgment to be entered then will reflect this attitude.